UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                                                          CASE NO.: 17-14149-EPK
                                                                                          Chapter 13
ROCKE A. EVANS,

     Debtor.
_____/

## DEBTOR'S MOTION TO MODIFY PLAN

ROCKE A. EVANS ("Debtor"), by and through the undersigned attorney, moves this court to confirm the 2nd Modified Chapter 13 Plan and would state:

1. On April 3, 2017, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. The 2nd Amended Chapter 13 Plan was approved on October 25, 2017 [Doc 64].

3. The Debtor now seeks to modify his plan to surrender his vehicle to the lien holder, Jefferson Capital Systems LLC (POC 3).

4. No creditor would be prejudiced in that the Debtor has paid $23,973.65 into the plan as of January 25, 2021 and he is current under the 1st Modified Chapter 13 Plan (copy attached).

5. The Debtor has agreed to pay the undersigned attorney the sum of $525.00 for this motion.

WHEREFORE, the Debtor prays that this court grant the relief requested based upon the aforementioned grounds.

Date:  January 25, 2021.                          **FLORIDA DEBT RELIEF CENTER, LLC**
                                                         Attorneys for Debtor
                                                         2385 NW Executive Center Drive, Suite 100
                                                         Boca Raton, Florida 33431
                                                         Telephone:  (954) 535-9905
                                                         Facsimile:  (954) 337-8500
                                                         jeff@itsjustdebt.com

                                                        By:  /s/ Jeffrey H. Tromberg_____
                                                             Jeffrey H. Tromberg

**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**

www.flsb.uscourts.gov

**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

☐ _____ Original Plan

☐ _____ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)

■ 1st _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: Rocke Andre Evans   JOINT DEBTOR: _____   CASE NO.: 17-14149-EPK

SS#: xxx-xx- 9783   SS#: xxx-xx- _____

## I. NOTICES

**To Debtors:** Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

**To Creditors:** Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

**To All Parties:** The plan contains no nonstandard provisions other than those set out in paragraph VIII. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | Included | Not included |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ | ■ |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ | ■ |
| Nonstandard provisions, set out in Section VIII | ☐ | ■ |

## II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

**A. MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $513.85   for months   1   to   46  ;
2. $336.40   for months   47   to   47  ;
3. $85.00    for months   48   to   60  ;

**B. DEBTOR(S)' ATTORNEY'S FEE:**   ☐ NONE   ☐ PRO BONO

| Total Fees: | $7050.00 | Total Paid: | $0.00 | Balance Due: | $7050.00 |
|---|---|---|---|---|---|
| Payable | $141.84 | /month (Months | 1 to 46 ) | | |
| Payable | $250.00 | /month (Months | 47 to 47 ) | | |
| Payable | $25.00  | /month (Months | 48 to 58 ) | | |

Allowed fees under LR 2016-l(B)(2) are itemized below:
Attorney Fee $3,500.00, MMM $2,500.00, Motion to Value $525.00, Motion to Modify $525.00

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

## III. TREATMENT OF SECURED CLAIMS

**A. SECURED CLAIMS:** ■ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

**B. VALUATION OF COLLATERAL:** ☐ NONE

IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED UPON YOU PURSUANT TO BR 7004 AND LR 3015-3.

1. **REAL PROPERTY:** ☒ NONE

2. **VEHICLES(S):** ☐ NONE

| 1. Creditor: Jefferson Capital Systems LLC<br>Address: P.O. Box 772813<br>Chicago, IL 60677-2813<br>(POC 3)<br><br>Last 4 Digits of Account No.: 8044<br>VIN: 5GAKRCED5BJ248044<br>Description of Collateral:<br>2011 Buick Enclave CXL<br>Surrendered<br><br>Check one below:<br>☐ Claim incurred 910 days or more pre-petition<br>☒ Claim incurred less than 910 days pre-petition | Value of Collateral: $14,000.00<br>Amount of Creditor's Lien: $27,449.03<br><br>Interest Rate: 6.00% | **Payment**<br>Total paid in plan: $16,239.66<br><br>$282.34 /month (Months 1 to 46 ) |

3. **PERSONAL PROPERTY:** ☒ NONE

C. **LIEN AVOIDANCE** ☒ NONE

D. **SURRENDER OF COLLATERAL:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.

☐ NONE

☒ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors.

☐ Other: _____

| Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|
| 1. Jefferson Capital Systems LLC<br>(POC 3)<br>(vehicle surrendered in Month 47 of the plan) | 8044 | 2011 Buick Enclave CXL |

E. **DIRECT PAYMENTS:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.

☒ NONE

IV. **TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]

A. **ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:** ☒ NONE

B. **INTERNAL REVENUE SERVICE:** ☐ NONE

| Total Due: | $3,656.25 | Total Payment | $3,656.25 |
|---|---|---|---|
| Payable: | $63.64 | /month (Months 1 to 46 ) | |
| Payable: | $52.06 | /month (Months 47 to 60 ) | |

C. **DOMESTIC SUPPORT OBLIGATION(S):** ☒ NONE

D. **OTHER:** ☒ NONE

V. **TREATMENT OF UNSECURED NONPRIORITY CREDITORS**

A. Pay $25.00 /month (Months 59 to 60 )

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

**B.** ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

**C.** <u>SEPARATELY CLASSIFIED</u>: ☒ NONE

*Debtor(s) certify the separate classification(s) of the claim(s) listed above will not prejudice other unsecured nonpriority creditors pursuant to 11 U.S.C. § 1322.

**VI.** **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

☒ NONE

**VII.** <u>INCOME TAX RETURNS AND REFUNDS:</u> ☐ NONE

☒ Debtor(s) shall provide copies of yearly income tax returns to the Trustee (but not file with the Court) no later than May 15th during the pendency of the Chapter 13 case. In the event the debtor(s)' disposable income or tax refunds increase, debtor(s) shall increase payments to unsecured creditors over and above payments provided through the Plan up to 100% of allowed unsecured claims. [Broward/Palm Beach cases]

**VIII.** <u>NON-STANDARD PLAN PROVISIONS</u> ☒ NONE

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

_____ Debtor   _____ Date     _____ Joint Debtor   _____ Date
Rocke Andre Evans                                            

_____   January 25, 2021
Jeffrey H. Tromberg, Esq.   Date
Attorney with permission to sign on Debtor(s)' behalf

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph VIII.**